IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brenee Lucille Smalls,<br><br>      Plaintiff,<br><br>   v.<br><br>Carolyn W. Colvin,<br>Acting Commissioner of Social<br>Security,<br><br>      Defendant.<br>_____ | Civil Action No.: 5:13-2728-BHH<br><br><br><br>**OPINION AND ORDER** |

    The plaintiff, Brenee Lucille Smalls ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits under Titles II and XVI of the Social Security Act.  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling.  On January 14, 2015, the magistrate judge issued a Report and Recommendation in which she determined that the Commissioner's decision was based on substantial evidence.  Accordingly, the magistrate judge recommended affirming the Commissioner's decision.  (ECF No. 26.)  The plaintiff filed Objections on February 2, 2015 (ECF No. 28), and on February 19, 2015, the Commissioner filed a Reply (ECF No. 30).  For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 54 years old on the date of her hearing, has a tenth grade education, and has work experience at an air conditioner parts manufacturer. (R. at 37-38, 49, 62-63.) The plaintiff's application was denied initially and on reconsideration. (R. at 69-72, 73-74.) A hearing was held before an ALJ who issued an unfavorable decision dated August 31, 2012, finding that the plaintiff was not disabled within the meaning of the Act. (R. at 17-26.) The Appeals Council denied the plaintiff's request for review (R. at 1-3), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on October 7, 2013. (ECF No. 1.)

**REPORT AND RECOMMENDATION**

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 26 at 25.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are

2

addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court

3

disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Id.* at 279.  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on February 2, 2015 (ECF No. 28), and the Commissioner filed a non-substantive reply on February 19, 2015 (ECF No. 30).  The Court has considered each specific objection fully and found them without effect.[1]  Respectfully,  the plaintiff has made the identical arguments on objection as made in her initial belief.  The recommendation could not be more competent to address them.  The Court would say only a bit more.

As to the ALJ's "light work" determination and reliance on a vocational expert, the magistrate judge has answered it all with great thoroughness.  The plaintiff's continued insistence does not rightly characterize the magistrate judge's work.  She claims that "the Commissioner and the Magistrate Judge respond that the job of office helper did not require depth perception and the job description did not mention use of a computer

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent.  Exhaustive recitation of law and fact exists there.

monitor." (ECF No. 18 at 4; ECF No. 26 at 20.) While that is what was technically observed by the magistrate judge on the page identified, it is not what the magistrate judge principally found. Rather, she could not have been more clear in response to this identical argument:

> Although Plaintiff argues that she is unable to perform the office-helper job because of her vision, neck-movement, and pain limitations on her ability to look at computer screens for extended periods, the ALJ's hypotheticals to the VE included Plaintiff's vision limitations to the extent found credible by inclusion of a restriction on computer screen usage to no "more than thirty minutes at a time without a break."

(ECF No. 26 at 18 (citing R. at 20, 63).) In other words, the interplay between the level of established limitation and the probable future use of a computer has not in any respect been ignored. Rather, the plaintiff really just means to disagree that she can use a computer in the way determined. But, that is a very different objection than the one alleged – that computer usage has somehow not been accounted for at all. (See ECF No. 28 at "However, in 2012, it is irrational to conclude that an office helper would not use a computer monitor regularly.") With respect to either the "light work" or vision objections, there is no error.

Regarding the plaintiff's various objections concerning the ALJ's Residual Functional Capacity assessment, the Court is also satisfied with the magistrate judge's recommendation that no error exists. The Court has given some especial consideration to the ALJ's decision not to specifically mention the plaintiff's cervical collar. The magistrate judge's view, however, is well justified it. First, it cannot be said that the ALJ did anything other than thoroughly consider all of the evidence related to the plaintiff's neck pain and range of motion. (R. at 22-23.) Second, the ALJ particularly discussed Dr.

5

Avinash Gupta's records and treatment plan with great specificity. (R. at 23.) It is Dr. Gupta who "recommend[ed]" the collar "to give a rest of the muscles," without any particular instructions as to frequency. (R. at 452.) It is not a fair reading of the decision to say it was not considered.

The plaintiff has offered that the use of the collar would be "expected to cause insurmountable problems with many if not all types of unskilled work." (Pl. Brief at 32.) Unfortunately, this is her own guess.[2]  She has not actually offered evidence of some greater limitation than is already reflected in the ALJ's RFC. As stated, she has not even established medical necessity and prescription for the collar in any particular amount.

The Court would be too exacting to remand for a failure to consider so much evidence as the ALJ plainly already did. The Court always regrets difficult results.

---

[2] The credibility determination has not been challenged on objection.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The Court concurs in the recommendation of the Magistrate Judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner to deny benefits is AFFIRMED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 16, 2015
Greenville, South Carolina